# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON WHALEY | CIVIL ACTION |
| VERSUS | |
| | NO. 12-00347-SDD-SCR |
| CITY OF PORT ALLEN AND JASMIONE CLARK IN HIS INDIVIDUAL AND OFFICIAL CAPACITY | |

## RULING ON PARTIAL SUMMARY JUDGMENT

This matter is before the Court on a *Motion for Partial Summary Judgment*[1] filed by Defendant, City of Port Allen. Plaintiff, Brandon Whaley, has filed an *Opposition* and *Supplemental Memorandum in Opposition* to the motion, to which the City of Port Allen has filed a *Reply*.[2] For the following reasons, City of Port Allen's *Motion for Partial Summary Judgment* is GRANTED.

## I. STATEMENT OF MATERIAL FACTS

As an initial matter, the Court finds that while certain facts are in dispute, those facts submitted in the City of Port Allen's *Statement of Uncontested Material Facts* are deemed to be admitted for the purposes of this motion due to Plaintiff's failure to controvert them as required by Local Rule 56.2. Local Rule 56.2 requires the non-moving party to submit disputed facts as to which there is a genuine issue to be tried. As this Court recently explained, "wherever Plaintiff fails to direct the Court to specific evidence in the record to controvert the supporting evidence set forth by the Defendant

---

[1] Rec. Doc. 36.
[2] Rec. Doc. 43, Rec. Doc. 52, and Rec. Doc. 55 respectively. Plaintiff has also filed a *Supplemental Statement of Facts* (Rec. Doc. 53).

... the fact is deemed admitted for purposes of LR 56.2."[3] Specifically, in his *Statement of Material Facts*,[1] Plaintiff offers no support for the facts he contends are contested. Furthermore, Plaintiff's *Statement of Contested Facts* D through M are not material for the purpose of this summary judgment motion. The remaining facts offered by the Plaintiff call for legal conclusions and are not, in and of themselves, facts (*Statement of Material Facts* A through C). Accordingly, the Court finds, Plaintiff has failed to carry his burden of establishing a genuine issue of material fact by controverting the City of Port Allen's facts and supporting evidence. Therefore, the facts in Movant's *Statement of Uncontested Material Facts* are deemed admitted.

## II. BRIEF OVERVEIW OF FACTS AND PROCEDURAL HISTORY

The claims in this case arise out of a routine traffic stop that occurred on September 24, 2011 in Port Allen, Louisiana, when Plaintiff was pulled over for speeding by Defendant Jasmione Clark, an Officer with the Port Allen Police Department. Upon exiting his vehicle, Plaintiff informed Officer Clark that he did not have a license because it had been suspended since 2005. When asked, Plaintiff explained that he did have registration and proof of insurance in his vehicle. Officer Clark then informed Plaintiff that, as a safety measure, he would be performing a pat down of Plaintiff's person in search of weapons before allowing him to retrieve the registration and proof of insurance from his vehicle. At this point, Plaintiff consented to a pat down search of his person. However, during the pat down, trouble ensued. Plaintiff became combative when Officer Clark tried to pat down his left side pocket area. Officer Clark then attempted to detain Plaintiff, but was met with resistance.

---

[3] *Ahumada v. Belcher Management, LLC*, 2014 WL 2832674, at *2 (M.D.La. June 23, 2014).

As to the factual account of the physical altercation, the parties are at polar ends of the spectrum. Plaintiff contends that Officer Clark handcuffed him and then slammed him into the ground, where Officer Clark continued to "punch, beat, and strangle" him. In contrast, Officer Clark claims to have performed a take-down, "dead-weight" move in order to bring Plaintiff to the ground. According to Officer Clark, Plaintiff continued to fight; therefore, Clark, using a police tactic, applied pressure to Plaintiff's pressure point, or TW17. Officer Clark contends that, once subdued, he handcuffed Whaley, read him his Miranda rights, and conducted a search incident to arrest.[4]

There is no dispute between the parties that Plaintiff was arrested and booked on numerous charges, including violation of La. R.S. 40:966 (possession of marijuana, second offense); La. R.S. 40:981.3 (possession in a drug free zone); La. R.S. 14:108.2 (resisting with force or violence); La. R.S. 32:63 (speeding), La. R.S. 32:415 (driving with a suspended license); and La. R.S. 32:300 (open container law). It is also undisputed that, at the time of the arrest made the subject of this suit, Plaintiff was on parole for prior offenses.[5] Plaintiff voluntarily waived his right to a parole revocation hearing under La. R.S. 15:574.9(A).[6] After serving the remainder of his parole sentence, Plaintiff bonded out of jail on the charges associated with his arrest by Officer Clark.[7]

On June 11, 2012, Plaintiff filed this federal lawsuit asserting 42 U.S.C. § 1983 claims against Officer Clark in his official and individual capacities alleging constitutional violations. From a review of the Plaintiff's *Complaint,* the Court discerns the following

---

[4] Rec. Doc. 47-2, p. 19.
[5] Rec. Doc. 36-3, pp. 32-33.
[6] Rec. Doc. 36-3, p. 34. ("I went to jail again. I violated my own parole because I knew it was going to be a while because they had a hold on me, so I just violated my own parole to get it out of the way….So I just violated myself because I only had 11 months left, and being on parole, you can't bond out. I knew I was going to be sitting there around the time that I had to serve left on parole, so I just violated my own self to get it out of the way and go ahead and make bond on the charge, the new charges.")
[7] Rec. Doc. 36-3, pp. 34-35.

claims: Fourth Amendment violation for unlawful arrest, unlawful detention, and unlawful seizure (Counts 1 and 4); Fourth Amendment violation for the use of excessive force (Counts 2-3, 5-6); and state law claims for assault and battery (Count 7). Plaintiff further alleges violations of his rights under Article 2, 13, and 25 of the Louisiana Constitution. The Plaintiff's state constitution claims are unclear inasmuch as there is no Article 25 in the Louisiana Constitution.

Plaintiff has also sued the City of Port Allen ("City") for deprivation of rights secured under the Fifth and Fourteenth Amendments.[8] Plaintiff alleges that the City "failed to act pursuant to a policy of [the] City of Port Allen, to properly train, supervise, and control members of the [Port Allen Police Department]."[9] Plaintiff claims that he has sustained numerous injuries, including, knee, neck, and back pain, oral injuries, depression, and anxiety, for which he seeks to recover monetary and punitive damages.

The City moves for partial summary judgment.

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[11] A party moving for summary judgment "must 'demonstrate

---

[8] Rec. Doc. 1, p. 7, ¶47.
[9] Rec. Doc. 1, p. 7, ¶44.
[10] Fed.R.Civ.P. 56(a)(West 2014).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

4

the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[12] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[13] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[14]

"A genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[15] All reasonable factual inferences must be resolved in favor of the nonmoving party.[16] Nevertheless, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[17] "Conclusory allegations unsupported by specific facts, however, will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any

---

[12] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, at 323-25, 106 S.Ct. at 2552).

[13] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)).

[14] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal citations omitted)).

[15] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). See also, *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 ("If a rational trier could not find for the nonmoving party based on the evidence presented, there is no genuine issue for trial.").

[16] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[17] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline, Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

"significant probative evidence tending to support the complaint.""[18] Ultimately "[t]he substantive law dictates which facts are material."[19]

### B. Municipal Liability and the Theory of *Respondeat Superior*

"Title 42 U.S.C. § 1983 provides a vehicle by which a plaintiff may seek redress for constitutional injuries."[20] However, it is well-established that the doctrine of *respondeat superior* is not a vehicle by which a municipality can be held liable under §1983. A municipality may not be held vicariously liable for constitutional torts allegedly committed by its employees.[21] In order for a party to prevail against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the municipality itself, through the execution of the government's policy or custom, caused the constitutional violation at issue.[22] Stated differently, "[t]o establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'"[23] After reviewing the summary judgment memoranda, the Court finds that the parties do not dispute the law on this point. Nevertheless, the City seeks a legal finding from this Court that it may not be held vicariously liable under 42 U.S.C. § 1983 solely on the theory of *respondeat superior* for the alleged actions of Officer Clark. There is no dispute on this point of law, and the Court declines to issue an advisory opinion.

---

[18] *Nat'l. Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[19] *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 439 (5th Cir. 2001).
[20] *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752 (5th Cir. 2009).
[21] *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978); see also, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)("*Respondeat superior* or vicarious liability will not attach under § 1983.").
[22] *Id.*
[23] *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010)(quoting *Monell*, 436 U.S. at 691)).

### C. Recovery of Punitive Damages from the City

Plaintiff seeks to recover punitive damages from the City as well as Officer Clark. In *City of Newport v. Fact Concerts, Inc.*, the United States Supreme Court squarely held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983."[24] Similarly, this Court has also recognized that "punitive damages cannot be recovered against government entities for § 1983 claims."[25] The City is immune from punitive damages for such claims. Accordingly, the Court finds that, as a matter of law, Plaintiff has no right to recover punitive damages from the City for claims brought pursuant to 42 U.S.C. § 1983.

### D. False Imprisonment Claims

The City argues that Plaintiff has failed to plead a claim of false imprisonment. In the alternative, the City contends that it is entitled to summary judgment as to any claims of false imprisonment related to the arrest by Officer Clark. Plaintiff fails to brief any claims of false imprisonment. In his opposition memorandum, Plaintiff essentially concedes that he is not making a claim of false imprisonment by stating: "On June 11, 2012, Plaintiff Brandon Whaley, filed a Complaint in the Middle District of Louisiana pursuant to 42 U.S.C. § 1983 alleging both constitutional violations (excessive force and illegal search and seizure) and state law violations (assault and battery) by Officer Jasmione Clark and the Port Allen Police Department resulting from a traffic stop and subsequent arrest."[26]

After reviewing Plaintiff's *Complaint*, the Court finds that Plaintiff has neither pled any facts nor alleged that his incarceration following his September 24, 2011 arrest

---

[24] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).
[25] *Pemberton v. West Feliciana Parish School Bd.*, 2010 WL 431572, at *7 (M.D.La. Feb. 3, 2010).
[26] Rec. Doc. 52, p. 20.

7

amounted to false imprisonment. The Court's finding is further supported by the Plaintiff's indication, in the *Uniform Pretrial Order* filed on June 13, 2014, of his intention to file an *Amended Complaint* to solidify and add claims of false imprisonment against the City.[27] A review of the record indicates that the Plaintiff has never requested the opportunity to amend to make such a claim.[28] Because the Court finds that Plaintiff has failed to state a claim of false imprisonment, it will not address the City's alternative summary judgment argument on this claim.

**IV. CONCLUSION**

Accordingly for the foregoing reasons, the City of Port Allen's *Motion for Partial Summary Judgment* is hereby GRANTED.[29]

Signed in Baton Rouge, Louisiana, on <u>August 25, 2014</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. 40, p. 2.
[28] The Court further notes that it is not inclined to grant such a request to amend at this juncture, considering we are now approximately one month away from trial.
[29] Rec. Doc. 36.